United States District Court
Southern District of Texas
**ENTERED**
August 30, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| VS. | § CRIMINAL NO. H-18-710 |
| | § |
| CLARENCE C. ROLAND, III | § |

**MEMORANDUM OPINION AND ORDER**

This court granted Clarence Roland's motion to represent himself, with one of two existing lawyers who had represented him serving as standby counsel. (Docket Entry No. 109). In that hearing, the court held an extensive colloquy with Mr. Roland, informing and warning him about the risks and disadvantages of representing himself rather than continuing the representation by the two experienced lawyers appointed by the court. Mr. Roland insisted. The court granted his motion. The court then consulted with both sides and set a firm trial date. The court warned Mr. Roland that the motion was granted on the condition that, given the age of the case; the large number of witnesses involved, many out of state, and the logistical challenge that presents; and the fact that Mr. Roland has been on bond for an extended period and, while on bond, has had access to many of the documents that may be relevant to the case, no continuances would be allowed. Mr. Roland then requested the service of an investigator, which this court granted, while warning again that no continuance would be allowed. (Docket Entry No. 112). Mr. Roland nonetheless moves for a continuance. (Docket Entry No. 113).

The government forcefully opposes Mr. Roland's motion. The government points out that there have been four continuances since February 2022, each requiring the government to reschedule approximately 50 witnesses, many located out of the city and state. (Docket Entry No. 114 at 1).

Mr. Roland has been on bond since May 2021. (Docket Entry No. 66). Many of the documents Mr. Roland insists he needs more time to review are either records from his own files, available from public sources, or were used in the California criminal prosecution in 2019.

The government also points out that it has cooperated extensively with Mr. Roland. The government has provided Mr. Roland with copies of reports of interviews done in a prior investigation of individuals who may have knowledge of the case, primarily Mr. Roland's former clients. (Docket Entry No. 114 at 2–3). The government has agreed to disclose the names of all those interviewed in the prior investigation who will testify in this case. (*Id.*). The government has also disclosed interview reports that include potentially favorable statements about Mr. Roland and agreed to produce certain reports that Mr. Roland requested. (*Id.*).

Although Mr. Roland asked for leave to represent himself, he waited to do so until ten days before the date on which trial was scheduled to begin. (Docket Entry No. 107). The court granted his request, and allowed him additional time to prepare. (Docket Entry No. 109). During the hearing at which it granted Mr. Roland's request, the court emphasized that it would not further continue the trial because Mr. Roland had chosen to represent himself so close to trial. Mr. Roland has been on bond for over a year. Before choosing self-representation, Mr. Roland had the benefit of two excellent lawyers appointed to represent him. He has had an extended period to work on his defense.

Mr. Roland asks for a month-long continuance. But this court's commitments to try other cases, including criminal cases involving incarcerated defendants, preclude that request. Granting Mr. Roland's request for a continuance would therefore mean resetting trial for a date in 2023, a delay that would risk even more erosion of witness availability and memories.

Mr. Roland's motion for a continuance is denied.

SIGNED on August 30, 2022, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge