United States District Court
Southern District of Texas
**ENTERED**
September 20, 2022
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | |
| vs. | § | CRIMINAL NO. H-18-710 |
| | § | |
| CLARENCE C. ROLAND, III | § | |
| | § | |

**JURY INSTRUCTIONS**

Members of the Jury:

In any jury trial there are, in effect, two judges. I am one of the judges; the other is the jury. It is my duty to preside over the trial and to decide what evidence is proper for your consideration. It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

First, I will give you some general instructions that apply in every case, for example, instructions about the burden of proof and how to judge the believability of witnesses. I will then give you some definitions for words that are used in the instructions on one or more counts of the indictment. I will then give you instructions on specific rules of law for each of the counts in the indictment. Finally, I will explain to you the procedures you should follow in your deliberations.

## GENERAL INSTRUCTIONS

You, as jurors, are the judges of the facts.  But in reaching your decision as to the facts, it is your sworn duty to follow all of the rules of law as I explain them to you.  You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I state to you.  You must not substitute or follow your own notion or opinion as to what the law is or ought to be.  It is your duty to apply the law as I explain it to you, regardless of the consequences.

It is also your duty to base your verdict solely on the evidence, without prejudice or sympathy.  That was the promise you made and the oath you took before being accepted by the parties as jurors, and they have the right to expect nothing less.

An indictment or formal charge against a defendant is not evidence of guilt.  Indeed, each defendant is presumed by the law to be innocent.  The law does not require any defendant to prove his innocence or to produce any evidence at all.  The government has the burden of proving the defendant guilty beyond a reasonable doubt, and if it fails to do so, you must acquit the defendant.

While the government's burden of proof is a strict or heavy burden, it is not necessary that the defendant's guilt be proved beyond all possible doubt.  It is required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt.  A "reasonable doubt" is a doubt based on reason and common

2

sense after careful and impartial consideration of all the evidence in the case.  Proof beyond a reasonable doubt is proof of such a convincing character that you would be willing to rely and act on it without hesitation in the most important of your own affairs.

A separate crime is charged in each count of the indictment.  You must consider each count, and the evidence that relates to it, separately.  The fact that you may find the defendant guilty or not guilty of any of the crimes charged should not control your verdict as to any other crime.  You must give separate consideration to the evidence in each of the counts charged.

As I told you earlier, it is your duty to determine the facts.  In doing so, you must consider only the evidence presented during the trial, including the sworn testimony of the witnesses and the exhibits.  Remember that the statements, objections, and arguments made by the government's lawyers, or by Mr. Roland other than when he testified, are not evidence.  The function of the lawyers, or by Mr. Roland acting as his own lawyer, is to point out those things that are most significant or most helpful to their side of the case, and in so doing to call your attention to certain facts or inferences that might otherwise escape your notice.  In the final analysis, however, it is your own recollection and interpretation of the evidence that controls.  What the lawyers say, or what Mr. Roland says when acting

as a lawyer in asking questions of witnesses or presenting arguments, is not binding on you.

Notes that you may have taken during the trial should be used only as memory aids. You should not give your notes precedence over your independent recollection of the evidence. If you did not take notes, you should rely on your own independent recollection of the proceedings and you should not be unduly influenced by other jurors' notes. Notes are not entitled to any greater weight than each juror's memory or impression as to what the testimony was. Whether you took notes or not, each of you must form and express your own opinion on the facts of the case.

During the trial, I sustained objections to certain questions. You must disregard those questions. Do not speculate as to what the witness would have said if permitted to answer the question. Also, you have been instructed to disregard certain testimony. Do not consider any of this testimony in reaching your decision. Your verdict must be based solely on the legally admissible evidence and testimony.

Also, do not assume from anything I may have done or said during the trial that I have any opinion concerning any of the issues in this case. Except for the instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own findings as to the facts.

While you should consider only the evidence, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the

light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the evidence. You should not be concerned about whether the evidence is direct or circumstantial. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eyewitness. "Circumstantial evidence" is proof of a chain of events and circumstances indicating that something is or is not a fact. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

I remind you that it is your job to decide whether the government has proved the guilt of Mr. Roland beyond a reasonable doubt. In doing so, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate. You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses who testified in this case. You should decide whether you believe all or any part of what each person had to say, and how important that testimony was. In making that decision, I suggest that you ask yourself a few questions. Did the person impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness have any relationship with either the government or the defense? Did the

witness seem to have a good memory?  Did the witness clearly see or hear the things about which he or she testified?  Did the witness have the opportunity and ability to understand the questions clearly and answer them directly?   Did the witness's testimony differ from the testimony of other witnesses?  These are a few of the considerations that may help you determine the accuracy of what each witness said.

Your job is to think about the testimony of each witness you have heard and decide how much you believe of what each witness had to say.  In making up your mind and reaching a verdict, do not make any decisions simply because there were more witnesses on one side.  You must always keep in mind that the burden of proof is on the government.  No defendant has the burden or duty to prove his innocence or to present any evidence.

One way the testimony of a witness may be discredited is by showing that the witness testified falsely, or that at some other time the witness said or did something, or failed to say or do something, which is inconsistent with the testimony the witness gave at this trial.  A witness's earlier statements were not admitted in evidence to prove that the contents of the earlier statement were true, and you may not consider the earlier statements as such proof.  Rather, you may use the earlier statements only to determine whether you think they are consistent with the witness's trial testimony and whether they affect that witness's credibility.  If you believe that a witness has

been discredited in this manner, it is your exclusive right to give that witness's testimony whatever weight you think it deserves.

You have been told that Mr. Roland was found guilty in the State of California of filing false instruments and grand theft of personal property, and in the State of Washington of the federal offense of making a false statement affecting a financial institution.  These convictions have been brought to your attention only because you may wish to consider them when you decide, as with any witness, how much of Mr. Roland's testimony you will believe in this trial. The fact that Mr. Roland was previously found guilty of crimes does not mean that he committed the crimes for which he is now on trial, and you must not use these prior convictions as proof of the crimes charged in this case.

You have heard evidence of acts of Mr. Roland that may be similar to those charged in the indictment, but which were committed on other occasions.  You must not consider any of this evidence in deciding if Mr. Roland committed the acts charged in the indictment.  However, you may consider this evidence for other, very limited, purposes.  If you find beyond a reasonable doubt from other evidence in this case that Mr. Roland did commit the acts charged in the indictment, then you may consider evidence of the similar acts allegedly committed on other occasions to determine whether Mr. Roland had the state of mind or intent necessary to commit the crime charged in the indictment; whether he had a motive or the opportunity to

commit the acts charged in the indictment; whether he acted according to a plan or in preparation for commission of a crime; or whether he committed the acts for which he is on trial by accident or mistake. These are the limited purposes for which any evidence of other similar acts may be considered.

The government called Arlando Jacobs as a witness. This witness was an alleged accomplice of Mr. Roland and faced criminal charges of his own. Mr. Jacobs entered a plea agreement providing for the dismissal of some charges and the possibility of a lesser sentence than he would otherwise be exposed to for the offense to which he pleaded guilty. Such plea bargaining, as it is called, has been approved as lawful and proper, and is expressly provided for in court rules. An alleged accomplice, including one who has entered into a plea agreement with the government, is not prohibited from testifying. On the contrary, the testimony of such a witness may alone be of sufficient weight to sustain a verdict of guilty. You should keep in mind that such testimony is always to be received with caution and weighed with great care. You should never convict a defendant on the unsupported testimony of an alleged accomplice unless you believe that testimony beyond a reasonable doubt. The fact that an alleged accomplice has pleaded guilty to the offense charged is not evidence of the guilt of any other person. The fact that this witness pleaded guilty to a federal crime is one factor you may consider in deciding whether to believe him, but it does not necessarily destroy his credibility. A conviction is a

factor you may consider in deciding whether to believe that witness, but it does not necessarily destroy the witness's credibility. It has been brought to your attention only because you may wish to consider it when you decide whether you believe the witness's testimony. It is not evidence of anything else.

You will note that the indictment charges that the offenses were committed on or about specified dates. The government does not have to prove that each alleged offense was committed on that exact date, so long as the government proves beyond a reasonable doubt that Mr. Roland committed that offense on a date reasonably near the dates stated in the indictment.

You must decide whether the government has proved beyond a reasonable doubt that Mr. Roland is guilty of the crimes charged. Mr. Roland is not on trial for any act, conduct, or offense not alleged in the indictment. Neither are you concerned with the guilt of any other person or persons not on trial in this case, except as you are otherwise instructed.

You may find that Mr. Roland had knowledge of a fact if you find that he deliberately closed his eyes to what would otherwise have been obvious to him. While knowledge on the part of Mr. Roland cannot be established merely by demonstrating that the defendant was negligent, careless, or foolish, knowledge can be inferred if Mr. Roland deliberately blinded himself to the existence of a fact.

If Mr. Roland is found guilty, it will be my duty to decide what the punishment will be. You should not be concerned with punishment in any way. It should not enter your consideration or discussion.

Some charts and summaries have been received into evidence. They are the following government Exhibits:

| | |
|---|---|
| 12a | Chart of entities |
| 13a | Windsor Way chart |
| 14h | Flow of funds for Windsor Way |
| 15s | Claremont chart |
| 16a | Flow of funds chart 10309 Southridge |
| 18a | Flow of funds chart 1644 Caminito Barlovento |
| 20a | Flow of funds chart Crossroads |
| 21a | Flow of funds chart 16013 South Desert Foothills |
| 26k | Flow of funds chart Lakewood Parkway |
| 27a | South Cajon chart |
| 27b | Cajon wire chart |
| 28f | Flow of funds chart Cajon Ave |
| 30h | Flow of funds chart Mountain View |
| 32i | Flow of funds chart 402 3rd Ave. E., Polson, MT |
| 137 | Chart – 1644 Caminito |
| 138 | Chart – 16013 S. Desert Foothills Parkway |
| 139 | Chart – 3830 E. Lakewood Parkway |
| 140 | Chart – 10309 Southridge Drive |
| 141 | Chart – 1725 Crossroads Street |
| 142 | Count 2 – 4: Wire Fraud |
| 143 | Chart of Funds to Sellers and InterBank |

Charts and summaries are valid only to the extent that they accurately reflect the underlying supporting evidence. You should give them only such weight as you think they deserve.

Mr. Roland has offered evidence of good general reputation for opinion testimony concerning truth and veracity, honesty and integrity, or character as a law-abiding citizen.  You should consider such evidence along with all the other evidence in the case. Evidence of a defendant's character, inconsistent with those traits of character ordinarily involved in the commission of the crime charged, may give rise to a reasonable doubt, since you may think it improbable that a person of good character with respect to those traits would commit such a crime.

There is no requirement that the entire conspiracy take place in the Southern District of Texas, but in order for you to return a guilty verdict, the government must prove by a preponderance of the evidence that either an agreement or an overt act took place in this district, even if Mr. Roland never set foot in the district.  An overt act is an act performed to affect the object of a conspiracy, although it remains separate and distinct from the conspiracy itself.  Though the overt act need not be of a criminal nature, it must be done in furtherance of the object of the conspiracy. Unlike the other elements of the offense, this is a fact that the government has to prove only by a preponderance of the evidence.  This means the government has to convince you only that it is more likely than not that part of the conspiracy took place in the Southern District of Texas.  All other elements of the offense must be proved beyond a reasonable doubt.  You are instructed that Harris County is located in the Southern District of Texas.

### INSTRUCTIONS THAT APPLY TO MORE THAN ONE OF THE COUNTS

**1.     Definitions**

Certain words are used in one or more of the instructions on the specific counts in the indictment.  This section of the instructions defines those words as they are used in these instructions.

The word "knowingly" means that the act was done voluntarily and intentionally, not because of mistake or accident.

The word "willfully" means that the act was committed voluntarily and purposely, with the intent to do something the law forbids; that is to say, with bad purpose either to disobey or disregard the law.  While a person must have acted with the intent to do something the law forbids for you to find that the person acted "willfully," the person need not know what specific law or rule his conduct violates.

A "scheme to defraud" means any plan, pattern, or course of action involving a false or fraudulent pretense, representation, or promise intended to deceive others in order to obtain something of value, such as money, from the persons or companies to be deceived.

A defendant acts with a "specific intent to defraud" if the defendant acts knowingly and with the specific intent to deceive, ordinarily for the purpose of causing some financial loss to another or bringing about some financial gain to the defendant.

12

A pretense, representation, or promise is "false" if the defendant knows it to be untrue or makes it with reckless indifference as to its truth or falsity.  A representation, pretense, or promise would also be "false" when it constitutes a half truth, or effectively omits or conceals a material fact, provided it is made with a specific intent to defraud.

A representation, pretense, or promise is "material" if it has a natural tendency to influence, or is capable of influencing, the decision of the person or entity to which it is addressed.

### 2.    Instructions on the Nature of the Case

The indictment charges Mr. Clarence C. Roland with conspiracy to commit wire fraud, that is, using interstate electronic and other wire communications to carry out a scheme to commit fraud, affecting a financial institution and bank fraud, with wire fraud, and with money laundering.  The government alleges that Mr. Roland committed and conspired to commit fraud by creating and filing false real property deeds and related documents to acquire properties to which he had no legal right. The government alleges that Mr. Roland, working with others, and often using the name Joshua (alternatively spelled "Josua") Stein, fabricated documents to defraud mortgage holders—banks or the Federal National Mortgage Association—by fraudulently transferring the ownership of the real property for which the mortgage banks had loaned money and in which the banks had a security interest or lien.

The government alleges that Mr. Roland and others fraudulently caused the ownership of the real property to appear to have changed by filing or causing to have filed false deeds and other documents in the deed records in the county where the property was located.  The government alleges that Mr. Roland and other participants created shell companies or fake trusts to act as the new owners or titleholders of the property, and then filed the false documents to make it look like title and ownership had been transferred to these fabricated companies and trusts. The government alleges that Roland and other participants then eliminated the mortgage lenders'

14

security interest or lien in the real property.  Finally, the government alleges that Mr. Roland and other scheme participants sold the properties, giving the title companies false information so that they would pay off the mortgages by making the payments to the false companies and trusts Mr. Roland had created, rather than to the actual mortgage lender.

The government alleges that Mr. Roland and others were also paid seller's funds from some of the sales, money that was paid to bank accounts they set up.

The government alleges that Mr. Roland and his associates used interstate wire communications in carrying out their scheme to defraud, including emails, wire transfers, and other electronic transmissions. Additionally, the government alleges that Mr. Roland and others then laundered funds from the alleged wire fraud, in excess of $10,000.

Count 1 of the indictment charges Mr. Roland with conspiring to commit fraud by creating and filing false real property deeds and related documents to acquire properties to which he had no legal right.  Counts 2, 3, and 4 of the indictment charge Mr. Roland with specific instances of wire fraud, by using interstate wire communications in carrying out the alleged scheme to defraud. Counts 5 through 10 of the indictment charge Mr. Roland with engaging in specific monetary transactions in property derived from unlawful activity.

Mr. Roland denies the allegations in each count in the indictment. Instructions on each of these counts are set out below.

## INSTRUCTIONS ON EACH COUNT OF THE INDICTMENT

## COUNT 1

Count 1 of the indictment charges Mr. Roland with conspiracy to commit fraud, in violation of Title 18, United States Code, Section 1349. This law makes it a crime for anyone to conspire with someone else to commit an offense against the laws of the United States.

A "conspiracy" is an agreement between two or more persons to join together to accomplish some unlawful purpose. It is a kind of "partnership in crime" in which each member becomes the agent of every other member.

For you to find Mr. Roland guilty of this crime, you must be convinced that the government has proved each of the following, beyond a reasonable doubt:

*First*: that Mr. Roland and at least one other person made an agreement to commit the crime of wire fraud affecting a financial institution, or to commit the crime of bank fraud; and

*Second*: that Mr. Roland knew of the unlawful purpose of the agreement or that the purpose of the agreement was to defraud and joined in it willfully, that is, with the specific intent to defraud or further the unlawful purpose.

16

The definitions of the terms "knowingly," "willfully," and "specific intent to defraud" are described on page 12 of these instructions.

A person may become a member of a conspiracy without knowing all the details of the unlawful scheme or the identities of all the other alleged conspirators. If a defendant understands the unlawful nature of a plan or scheme and knowingly and intentionally joins in that plan or scheme on one occasion, that is sufficient to convict him for conspiracy even though the defendant had not participated before and even though the defendant played only a minor part.

The government need not prove that the alleged conspirators entered into any formal agreement, or that they directly stated between themselves all the details of the scheme.  An agreement between coconspirators may be silent; it need not be spoken. Similarly, the government need not prove that all of the details of the scheme alleged in the indictment were actually agreed upon or carried out. Nor must it prove that every person alleged to have been a member of the conspiracy was in fact a member, or that the alleged conspirators actually succeeded in accomplishing their unlawful objectives.

Mere presence at the scene of an event, even with knowledge that a crime is being committed, or the mere fact that certain persons may have associated with each other, and may have assembled together and discussed common aims and interests, does not alone establish proof of the existence of a conspiracy. Also, a person who

has no knowledge of a conspiracy, but who happens to act in a way that advances some purpose of a conspiracy, does not thereby become a conspirator.

You are instructed that the elements of the crime of wire fraud are:

*First*:   knowingly devising or intending to devise a scheme to defraud, affecting financial institutions;

*Second*:   that the scheme to defraud used false material pretenses, representations, or promises;

*Third*:   transmitting or causing to be transmitted, by way of electronic or other wire communications, in interstate commerce, any writing or signal, for the purpose of carrying out the alleged scheme or attempting to do so; and

*Fourth*:   acting with a specific intent to defraud.

You are also instructed that the elements of the crime of bank fraud are:

*First*:   knowingly devising or intending to devise a scheme to defraud;

*Second*:   that the scheme was to defraud a financial institution;

*Third*:   acting with a specific intent to defraud a financial institution;

*Fourth*:   that the scheme to defraud was material, employed a false material representation, or concealed a material fact; and

*Fifth*:   placing the financial institution at risk of civil liability or financial loss.

18

You are instructed that the following kinds of organizations are each "financial institutions":

1.  Any bank or savings association the deposits of which are insured by the Federal Deposit Insurance Corporation (FDIC).

2.  An organization which finances or refinances any debt secured by an interest in real estate, including private mortgage companies and any subsidiaries of such organizations, and whose activities affect interstate or foreign commerce.

3.  Any entity that makes in whole or part a federally related mortgage loan which is secured by a first or subordinate lien on residential real property and is (a) made, in whole or in part, by any lender whose deposits or accounts are insured by any agency of the federal government, or (b) which is intended to be sold by the originating lender to the Federal National Mortgage Association (Fannie Mae).

### COUNTS 2, 3, and 4

Mr. Roland is charged in Counts 2, 3, and 4 with committing specific instances of wire fraud, in violation of Title 18, United States Code, Section 1343. This section makes it a crime for anyone to use interstate wire communications in carrying out a scheme to defraud.

For you to find Mr. Roland guilty of any of these counts, you must be convinced that the government has proved, as to the particular count, each of the following elements, beyond a reasonable doubt:

>  *First*:   that Mr. Roland knowingly devised or intended to devise a scheme to defraud, as alleged in the indictment;

>  *Second*:   that the scheme to defraud used false material pretenses, representations, or promises;

>  *Third*:   that Mr. Roland transmitted or caused to be transmitted, by way of electronic or other wire communications, in interstate commerce, any writing, signal, picture, or sound, for the purpose of carrying out the alleged scheme or attempting to do so; and

>  *Fourth*:   that Mr. Roland acted with a specific intent to defraud.

The definitions of "knowingly," "willfully," "scheme to defraud," and "specific intent to defraud" on page 12 apply.  The definitions of "false" and "material" representation or promise on page 13 apply.

It is not necessary that the government prove all of the details alleged in the indictment concerning the precise nature and purpose of the scheme to defraud. What must be proved beyond a reasonable doubt is that Mr. Roland knowingly devised or intended to devise a scheme to defraud by means of false or fraudulent

representations or promises, a scheme that was substantially the same as the one alleged in the indictment.

It is also not necessary that the government prove that the material transmitted by wire communications was itself false or fraudulent, or that the use of the interstate wire communications facilities was intended as the specific or exclusive means of accomplishing the alleged fraud. What must be proved beyond a reasonable doubt is that the use of the interstate wire communications facilities was closely related to the scheme to defraud because Mr. Roland either wired something or caused it to be wired in interstate commerce in an attempt to execute or carry out the scheme.

To "cause" interstate wire communications facilities to be used is to do an act with knowledge that the use of the wire communications facilities will follow in the ordinary course of business or where such use can reasonably be foreseen.

Each separate use of the interstate wire communications facilities in furtherance of a scheme to defraud by means of false or fraudulent representations or promises is a separate offense.  The alleged scheme need not actually succeed in defrauding anyone.

Count 2 charges that Mr. Roland caused to be transmitted on or about June 2, 2014, an email, from "jjstein777@gmail.com" to EscrowNet in California, relaying a bank account number to which EscrowNet would wire the seller the proceeds from the sale of 802 S. Cajon Avenue, West Covina, California.

Count 3 charges that Mr. Roland caused to be transmitted on or about October 29, 2014, a fax, from Texas to Elite Escrow in California, containing an Interbank Loan Servicing Corp. payoff statement for the real estate closing of 1377 Mountain View Lane in Chula Vista, California.

Count 4 alleges that Mr. Roland caused to be transmitted, on or about April 22, 2015, a fax, from Texas to First American Title Company of Montana, Inc., an Interbank Loan Servicing payoff statement for the real estate closing of 402 3rd Ave. East, Polson, Montana.

## COUNTS 5, 6, 7, 8, 9, and 10

Mr. Roland is charged in Counts 5 through 10 with engaging in monetary transactions in property derived from specified unlawful activity, in violation of Title 18, United States Code, Section 1957.  This section makes it a crime for anyone to knowingly engage in, or attempt to engage in, a monetary transaction involving criminally derived property, in excess of $10,000, that is derived from specified unlawful activity.

For you to find Mr. Roland guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

> *First*:   that Mr. Roland engaged in or attempted to engage in a monetary transaction;

*Second*:   that Mr. Roland knew that the monetary transaction was of a value greater than $10,000;

*Third*:   that the monetary transaction involved criminally derived property;

*Fourth*:   that the criminally derived property was derived from specified unlawful activity, namely wire fraud;

*Fifth*:   that Mr. Roland knew that the monetary transaction involved criminally derived property; and

*Sixth*:   that the monetary transaction took place within the United States.

The term "criminally derived property" means any property constituting or derived from proceeds from a criminal offense.

The government is not required to prove that Mr. Roland knew that the offense from which the "criminally derived property" was derived was "specific unlawful activity." The government must prove, however, that Mr. Roland knew that the property involved was obtained or derived from the commission of a crime.

Count 5 charges that on or about April 17, 2014, Mr. Roland caused the withdrawal of $29,200 from Wells Fargo Bank account number ending in 6282, held in the name of National Recovery REO Services, Inc., relating to property located at 3830 Lakewood Parkway East #2037, Phoenix, Arizona.

Count 6 charges that on or about October 30, 2014, Mr. Roland caused the withdrawal of $37,800 from Wells Fargo Bank account number ending in 1263, held in the name of Colossians Investors Group LLC, relating to property located at 1377 Mountain View Lane, Chula Vista, California.

Count 7 charges that on or about October 30, 2014, Mr. Roland caused the purchase of Wells Fargo Bank Cashier's Check 6844601882, payable to "Virtuous Women Ministries," in the amount of $22,800, relating to property located at 1377 Mountain View Lane, Chula Vista, California.

Count 8 charges that that on or about October 30, 2014, Mr. Roland caused the purchase of Wells Fargo Bank Cashier's Check 6844601883, payable to Clarence Roland, in the amount of $15,000, relating to property located at 1377 Mountain View Lane, Chula Vista, California.

Count 9 charges that on or about April 28, 2015, Mr. Roland caused the withdrawal of $21,000 in cash from Wells Fargo Bank account number ending in 7055, held in the name of Midwest Regional Pass Through LLC, relating to property located at 402 3rd Avenue East, Polson, Montana.

Count 10 charges that on or about April 30, 2015, Mr. Roland caused the purchase of Wells Fargo Bank Cashier's Check 6847901014, payable to Clarence Roland, in the amount of $50,000, relating to property located at 402 3rd Avenue East, Polson, Montana.

**Aiding and Abetting the Commission of Counts 2 through 10**

With respect to Counts 2 through 10, the government also charges that Mr. Roland aided and abetted the commission of these alleged offenses under Title 18, United States Code, Section 2. This section provides that the guilt of a defendant in a criminal case may be established without proof that he personally did every act constituting the offense alleged. This law recognizes that, ordinarily, anything a person can do for himself may also be accomplished by him through direction of another person as his agent, or by acting in concert with, or under the direction of, another person or persons in a joint effort or enterprise.

If the acts or conduct of an agent, employee, or other associate of the defendant are willfully directed or authorized by him, or if the defendant aids and abets another person by willfully joining together with such person in the commission of a crime, then the law holds the defendant responsible for the acts and conduct of such other persons just as though he had committed the acts or engaged in such conduct himself. Notice, however, that before any defendant may be held criminally responsible for the acts of others, it is necessary that the defendant willfully associate himself in some way with the criminal venture, and willfully participate in it as he would in something he wishes to bring about; that is to say, that he willfully seeks by some act or omission to make the criminal venture succeed.

Of course, mere presence at the scene of a crime and knowledge that a crime is being committed are not sufficient to establish that Mr. Roland either directed or aided and abetted the crime, unless you find beyond a reasonable doubt that he was a participant and not merely a knowing spectator. You may not find Mr. Roland guilty under Title 18, United States Code, Section 2, unless you find beyond a reasonable doubt that every element of the offense as defined in these instructions was committed by some person or persons, and that Mr. Roland willfully participated in its commission.

## Coconspirator Liability

A conspirator is responsible for offenses committed by other conspirators if the conspirator was a member of the conspiracy when the offense was committed and if the offense was committed in furtherance of, or as a foreseeable consequence of, the conspiracy.

Therefore, if you have found Mr. Roland guilty of the conspiracy charged in Count One, and if you find beyond a reasonable doubt that, during the time Mr. Roland was a member of that conspiracy, other conspirators committed the offenses in Counts 2 through 10 in furtherance of and as a foreseeable consequence of that conspiracy, then you may find Mr. Roland guilty of Counts 2 through 10, even though he may not have participated in the acts constituting the offenses described in Counts 2 through 10.

## FINAL INSTRUCTIONS

To reach a verdict, whether it is guilty or not guilty, all of you must agree. Your verdict must be unanimous on each count of the indictment. Your deliberations will be secret. You will never have to explain your verdict to anyone.

It is your duty to consult with one another and to deliberate in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong. But do not give up your honest beliefs as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times that you are judges—judges of the facts. Your duty is to decide whether the government has proven Mr. Roland guilty beyond a reasonable doubt.

When you go to the jury room, the first thing that you should do is select one of your number as your foreperson, who will help to guide your deliberations and will speak for you here in the courtroom. A form of verdict has been prepared for your convenience. The foreperson will write the unanimous answer of the jury in the space provided for each count of the indictment, either guilty or not guilty. At the conclusion of your deliberations, the foreperson should date and sign the verdict.

If you need to communicate with me during your deliberations, the foreperson should write a message and give it to the marshal.  I will either reply in writing or bring you back into the court to answer your message.

Bear in mind that you are never to reveal to any person, not even to the court, how the jury stands, numerically or otherwise, on any count of the indictment, until after you have reached a unanimous verdict.

SIGNED on September 19, 2022, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge